```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

JOHN M. FLOYD AND ASSOCIATES,   §
INC.,                           §
                                §
     Plaintiff,                 §
                                §
v.                              §   CIVIL ACTION NO. H-05-1105
                                §
JACK HENRY AND ASSOCIATES,      §
INC., and MJCM, LLC d/b/a       §
PINNACLE FINANCIAL STRATEGIES,  §
                                §
     Defendants.                §
```

**MEMORANDUM AND ORDER**

Pending is Plaintiff John M. Floyd and Associates, Inc.'s ("Floyd") Motion to Dismiss and Motion to Strike Pinnacle's Counterclaim (Document No. 26), in which Plaintiff seeks dismissal of Defendant MJCM, Inc. d/b/a Pinnacle Financial Strategies's ("Pinnacle") counterclaim for misappropriation of trade secrets, and seeks to strike certain "extraneous, immaterial and impertinent allegations from Pinnacle's Counterclaim."  Also pending is Defendant Jack Henry and Associates, Inc.'s ("Henry") Motion for Partial Summary Judgment (Document No. 27) and Motion for Preliminary Injunction (Document No. 29), in which Defendant seeks partial summary judgment on its copyright infringement claim and a preliminary injunction preventing further infringement.  After having considered the motions, the responses, and the applicable law, all of the motions will be denied.

I.  Floyd's Motion to Dismiss and
Strike Pinnacle's Counterclaim

In its Motion to Dismiss and Motion to Strike Pinnacle's Counterclaim (Document No. 26), Floyd argues that Pinnacle has not stated a claim for misappropriation of trade secrets and that two paragraphs from Pinnacle's counterclaim should be stricken as containing "extraneous, immaterial, and impertinent 'sabotage' allegations."  Floyd maintains that Pinnacle's counterclaim is devoid of any allegation that Floyd used an identifiable trade secret belonging to Pinnacle, that Floyd breached any confidential relationship in order to obtain Pinnacle's trade secret(s), or that Pinnacle sustained any damages, all required elements of a claim for misappropriation of trade secrets.  In its Motion to Strike, Floyd maintains that the allegations against Sykes and Cohron in paragraphs 20 and 21 of Pinnacle's counterclaim are extraneous, impertinent, scandalous, and prejudicial to Floyd, and should therefore be stricken from Pinnacle's counterclaim.

Pinnacle, in response to Floyd's motions, argues that it has sufficiently alleged that its trade secrets and confidential information were obtained and used by Floyd when Floyd copied Henry's user manual and when two former employees of Pinnacle, who had substantial knowledge of Pinnacle's trade secrets and confidential information were hired by Floyd to develop competing overdraft protection software.  In addition, Pinnacle argues that

2

it has sufficiently alleged that it was damaged by Floyd's conduct, and that its allegations cannot be construed as an admission that it has suffered no damage.  Pinnacle also maintains that the allegations in paragraphs 20 and 21 of its Counterclaim relate to each of its counterclaims, and therefore should not be stricken as extraneous.

A.   Standards of Review

   1.   Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set

of facts in support of his claim that would entitle him to relief." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

"The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint.  Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).  While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referenced in and central to the complaint.  *See* Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004); Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

>  2. <u>Motion to Strike under Rule 12(f)</u>

> Under Fed. R. Civ. P. 12(f),
>
>> [u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike under Rule 12(f) are disfavored and should only be granted "'when the pleading to be stricken has no possible relation to the controversy'." <u>Augustus v. Board of Public Instruction of Escambia County, Florida</u>, 306 F.2d 862, 868 (5th Cir. 1962) (quoting <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir. 1953)); *see also* <u>Federal Deposit Insurance Corp. v. Niblo</u>, 821 F.Supp. 441, 449 (N.D. Tex. 1993) ("In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.").

B.  <u>Discussion</u>

A claim for trade secret misappropriation requires proof of the following: (1) the existence of a trade secret; (2) the

acquisition of the trade secret through the breach of confidential relationship or by other improper means; (3) the use of a trade secret without authorization from the plaintiff; and (4) damages. Taco Cabana Int'l, Inc. v. Two Pesos, Inc., 932 F.2d 1113, 1123 (5th Cir. 1991), *aff'd*, 505 U.S. 763, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992); H.E. Butt Grocery Co. v. Moody's Quality Meats, Inc., 951 S.W.2d 33, 34 (Tex.App. 1997).  A trade secret is "any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it."  Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996).

Pinnacle's misappropriation claim is based both on Floyd's copying of Henry's user manual, and Floyd's hiring of two former Pinnacle employees.  Pinnacle argues that because Henry's user manual was created by Henry for "use by its customer banks in operating a proprietary software program found in a so-called 'Bounce Protection Module'" and because "[t]he Bounce Protection Module software is a derivative of Pinnacle's own proprietary software program, known as 'Trakker,'" which was created by Henry and Pinnacle pursuant to a Joint Marketing Agreement, Floyd's copying of Henry's user manual either necessarily or inferentially entailed the misappropriation of Pinnacle's trade secrets and confidential and proprietary information related to the Trakker software.  Pinnacle's Response to Floyd's Motion to Dismiss and

6

Motion to Strike (Document No. 36) at 2-3.  Pinnacle argues that the allegations in its Counterclaim that Sykes and Cohron used their knowledge of Pinnacle's Trakker program, and used certain of Pinnacle's proprietary documents in their work for Floyd, sufficiently state a claim for misappropriation.

 The allegations in Pinnacle's counterclaim, taken as a whole, state a claim for misappropriation of trade secrets.  While Pinnacle has not alleged with any particularity the trade secrets that were allegedly used by Floyd, there is no heightened pleading requirement for Pinnacle's misappropriation claim.  Moreover, there are sufficient allegations in the counterclaim that Pinnacle's overdraft software is, or contains, Pinnacle's trade secret(s). *See e.g.*, Bancservices Group, Inc. v. Strunk & Associates, L.P., 2005 WL 2674985 (Tex. App.–Houston [14th Dist.] 2005)(finding sufficient evidence to sustain jury's finding that an "overdraft privilege program was a trade secret").  In addition, while Pinnacle alleges that "Floyd asserted that it had abandoned its efforts to bring SC Software [the software developed for Floyd by Sykes and Cohron] to completion," Pinnacle's Answer and Counterclaim (Document No. 13) at 14, such an allegation does not, in and of itself, negate the element of damages.  Pinnacle has neither asserted nor admitted that Floyd has abandoned its efforts.  Similarly, Pinnacle has not asserted or admitted that Floyd has not, and cannot, make use of the trade secrets allegedly misappropriated.  Finally, taking as

true the allegations regarding the conduct of Sykes and Cohron, both before and after they were hired by Floyd, a reasonable inference arises that Floyd acquired Pinnacle's trade secrets through the breach of a confidential relationship or other improper means, and that Floyd "used" or is using those trade secrets to Pinnacle's detriment. Since neither Pinnacle's allegations nor the case law governing claims for misappropriation of trade secrets affirmatively show that Pinnacle cannot prevail on its trade secret misappropriation claim, Floyd's Motion to Dismiss Pinnacle's misappropriation of trade secrets counterclaim will be denied.

While the allegations in paragraphs 20 and 21 of Pinnacle's counterclaim relate to conduct of two individuals who are not parties to this suit, the allegations may supply further overall context for Pinnacle's counterclaims.  In addition, the alleged conduct of Sykes and Cohron, as set forth in paragraphs 20 and 21, may, if true, provide some factual underpinnings for Pinnacle's counterclaims.  Therefore, Floyd's Motion to Strike paragraphs 20 and 21 of Pinnacle's counterclaim will also be denied.

> II.  Henry's Motion for Partial Summary Judgment
>      and Motion for Preliminary Injunction

Henry moves for summary judgment that Floyd is liable for copyright infringement, and separately moves for a preliminary injunction to restrain Floyd from future infringement. According to Henry, Jan Southern, a Senior Engagement Manager with Floyd,

admitted during her deposition that she acquired a portion of Henry's "Bounce Protection®" user manual from a mutual customer, Panhandle State Bank, and copied parts of that manual "verbatim" into a six-pages document she prepared for Panhandle State Bank entitled "Basic Setup Instructions for the Overdraft Privilege in Jack Henry Silverlake 'Bounce Protection®' module."

Floyd responds that Henry has not identified which user manual was allegedly used by Ms. Southern, that the document prepared by Ms. Southern is not probatively similar or substantially similar to the 131 pages user manual that Henry claims was infringed, and that genuine issues of material fact exist with respect to Floyd's "fair use" defense to the copyright infringement claim.

In opposing the requested preliminary injunctive relief, Floyd argues that Henry has presented no evidence that Floyd's alleged copying was actionable under the Copyright Act, a required element to be proven to prevail on a copyright infringement claim, and proof of which would be required to establish, for purposes of a preliminary injunction, a substantial likelihood of prevailing on the merits of the copyright infringement claim. In addition, Floyd argues that there is no evidence whatsoever that Henry, in the absence of the requested injunction, would face a substantial threat of irreparable injury, an additional element which is required for the issuance of an injunction.

A.      <u>Standard of Review</u>

    1.      <u>Motion for Summary Judgment under Rule 56</u>

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).  Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  *See* <u>id.</u> at 2553-54.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *See* <u>Morris v. Covan Worldwide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  <u>Id.</u>

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive

evidentiary burden.  *See* Anderson, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id. (citing Anderson, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

    2.   Motion for Preliminary Injunction

To obtain a preliminary injunction, the movant must generally establish:

(1) a substantial likelihood of prevailing on the merits;

(2) a substantial threat that irreparable injury will result in the absence of the injunction;

(3) that the threatened harm to the movant outweighs the threatened harm to the non-moving party; and

(4) that granting the injunction will not disserve the public interest.

11

Sunbeam Products, Inc. v. West Bend Co., 123 F.3d 246, 250 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1795 (1998); Southerland v. Thigpen, 784 F.2d 713, 715 (5th Cir. 1986); Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985); Canal Authority v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974); League of United Latin Am. Citizens v. Pasadena Indep. Sch. Dist., 662 F. Supp. 443, 446-47 (S.D. Tex. 1987).

"A preliminary injunction is an 'extraordinary remedy' and should only be granted if the plaintiffs have 'clearly carried the burden of persuasion' on all four requirements." Planned Parenthood of Houston and Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005). "As a result, '[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule.'" Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 363 (5th Cir. 2003).

B.   Discussion

"To establish copyright infringement, a plaintiff must prove ownership of a valid copyright and copying of constituent elements of the work that are copyrightable." Engineering Dynamics, Inc. v. Structural Software, 26 F.3d 1335, 1340 (5th Cir. 1994). Copyright ownership, in turn, is proven with evidence of "originality and copyrightability in the work as a whole and by compliance with

applicable statutory formalities." Id.  With respect to the copying element of a copyright infringement claim, a plaintiff must first make a factual showing that the defendant "actually used the copyrighted material to create his own work," and then must establish that there is "substantial similarity between the two works." Id. at 1341.  These two elements of copying are known as probative similarity and substantial similarity, and are generally issues that are left for the finder of fact. General Universal Systems, Inc. v. Lee, Inc., 379 F.3d 131, 141-142 (5th Cir. 2004).

Probative similarity "requires a showing that the works, 'when compared as a whole, are adequately similar to establish appropriation.'" Id. (quoting Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 394 (5th Cir. 2001)).  Substantial similarity, in contrast, is determined from a "side-by-side comparison" of the original work and the copy. Id.  "To determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir. 1997) (emphasis in original) (cited and quoted in Positive Black Talk, Inc. v. Cash Money Records, 394 F.3d 357, 374 (5th Cir. 2004)); *see also* Bridgmon v. Array Systems Corp., 325 F.3d 572, 577 (5th Cir. 2003) ("the law of this circuit prohibits finding

copyright infringement without a side-by-side comparison of the two works").

"Not all copying . . . is copyright infringement." Engineering Dynamics, 26 F.3d at 1340-41. For copying to be actionable under the copyright laws, an allegedly infringing work must be "substantially similar to protectable elements of the infringed work." Lee, 379 F.3d at 142. A determination on substantial similarity, however, is "inherently subjective," and not generally amenable to summary judgment. Positive Black Talk, 394 F.3d at 374 ("whether two works are substantially similar is a question for the jury itself to determine by examining the actual works in question"); *see also* Lee, 379 F.3d at 142; Compaq Computer Corp. v. Ergonome Inc., 137 F.Supp.2d 768, 781 (S.D. Tex. 2001); Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 398 (5th Cir. 2001).

Henry contends, in its Motion for Partial Summary Judgment, that the admissions of Jan Southern, one of Floyd's employees, that she copied portions of Henry's user manual entitles Henry to summary judgment on the issue of Floyd's liability for copyright infringement. In support of its Motion for Partial Summary Judgment, Henry has submitted the following: (1) a redacted copy of its 131 pages user manual for "bBP Application Bounce Protection Silverlake® Release 14 Browser" (hereafter referred to as the "user manual"), the allegedly infringed work, Exhibit A; (2) copyright registration materials for the user manual, Exhibits B & C; (3) the

software license agreement between Henry and Panhandle State Bank, and the modifications and addendums thereto, Exhibits C, D, E, F, & G; (4) Floyd's responses to Henry's First Interrogatories, Exhibit H; (5) a six pages document entitled, "Basic Setup Instructions for the Overdraft Privilege in Jack Henry Silverlake 'Bounce Protection' module," prepared by Jan Southern for Floyd, which is the allegedly infringing work (referred to hereafter as "Floyd Instructions"), Exhibit I; (6) excerpts from the deposition of Jan Southern, Exhibit J; (7) a one-page list containing four "Examples of Copying from JHA Manual into Floyd Manual," Exhibit K; and (8) an affidavit of Colleen Kelly-Mostrom attesting to the originality of Henry's Bounce Protection manual, Exhibit L.

The parties do not dispute Henry's ownership of a valid copyright in the user manual.[1]  What they do dispute is whether Floyd has engaged in actionable copying of the copyrighted manual. Henry maintains that Jan Southern, a Floyd employee, copied, verbatim, a 23-word sentence and three other passages from the 131 pages copyrighted user manual.  While Henry has submitted the deposition testimony of Jan Southern in support of its claim of factual copying, it has not provided the Court with an unredacted copy of its user manual so that a side-by-side comparison can be

---

[1] "[M]anuals conveying a detailed procedure to accomplish a specific goal are protected by the Copyright Act."  SecureInfo Corp. v. Telos Corp., 387 F.Supp.2d 593, 611 (E.D. Va. 2005).

made of the user manual and the Floyd Instructions.[2] In the absence of an unredacted copy of the user manual at issue, the required side-by-side comparison cannot be done, and it cannot be concluded, as a matter of law, that "the allegedly infringing work is substantially similar to protectable elements of the infringed work." *See* Lee, 379 F.3d at 142, 146 (affirming summary dismissal of plaintiff's infringement claims where plaintiff failed to produce its computer source code so that it could be compared "side-by-side" with the alleged infringing work of defendant).

Moreover, even if the similarities in the two works, as delineated by Henry in its one-page summary of examples (Exhibit K), could suffice as a side-by-side comparison of the two works, the four alleged similarities, only one of which is a full sentence, do not establish, as a matter of law, the type of "substantial similarity" that is required for a finding of copyright infringement of the 131 pages user manual. *See, e.g.*, Compaq, 137 F.Supp.2d at 778-781. From the summary judgment evidence submitted, a jury could well conclude, that any copying was not substantial, was *de minimis*, or was otherwise not actionable. Compaq, 137 F.Supp.2d at 779 ("The *de minimis* question is thus one for the trier of fact, who must determine not only whether Compaq's alleged infringement is numerically *de minimis* but

---

[2] Henry's argument that a finding of infringement can be based solely on Ms. Southern's admissions of copying is contrary to law. *See* Bridgmon, 325 F.3d at 577.

qualitatively *de minimis* as well."); Neal Publications v. F&W Publications, Inc., 307 F.Supp.2d 928, 931 (N.D. Ohio 2004) ("To be actionable, copying, including copying that comes within the fragmented literal similarity standard, must be more than de minimus; i.e., must involve copying of more than a small and insignificant portion of the plaintiff's work"). Accordingly, Henry is not entitled to summary judgment on its copyright infringement claim.

Based on the same evidence submitted in support of its Motion for Partial Summary Judgment, Henry argues that a preliminary injunction should issue, "prohibiting John M. Floyd and Associates, Inc. from using, disseminating, distributing, showing, or in any other manner making use of the document entitled 'Basic Setup Instructions for the Overdraft Privilege in Jack Henry Silverlake 'Bounce Protection®' module," pending a final decision of the Court. Henry's Motion for Preliminary Injunction (Document No. 29) at 7. Given Henry's lack of evidence above described, Henry has not shown a substantial likelihood of prevailing on the merits or a substantial threat of irreparable injury if the requested injunction is not issued. Henry's Motion for Preliminary Injunction will therefore be denied.

III.   <u>Conclusion and Order</u>

Based on the foregoing, it is

ORDERED that Plaintiff John M. Floyd and Associates, Inc.'s Motion to Dismiss and Motion to Strike Pinnacle's Counterclaim (Document No. 26), Defendant Jack Henry and Associates, Inc.'s Motion for Partial Summary Judgment (Document No. 27), and Defendant Henry's Motion for Preliminary Injunction (Document No. 29), are all DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 13th day of April, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE